IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01553–PAB-KLM

DONNIE EARL BROWN,

    Applicant,

v.

DICK SMELSER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

Before the Court is an **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 3; Filed August 8, 2006] filed by Donnie Earl Brown ("Applicant"). Respondents filed an Answer Brief objecting to the Application on April 24, 2007 [Docket No. 23]. Applicant did not file a traverse. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1C, the Application has been referred to this Court for recommendation. The matter has been fully briefed and is ripe for resolution. The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises. For reasons set forth below, the Court recommends that the Application be **DENIED**.

I. Background

Applicant challenges the state court sentence imposed upon him for possession of a controlled substance, cocaine, with intent to distribute. In May 2002, although Applicant was charged with multiple drug offenses, Applicant pled guilty to a single possession

charge in exchange for a stipulated sentence of twenty-six years.  *Application* [#3] at 5; *Answer Brief* [#23] at 2.  Applicant is currently in the custody of the Colorado Department of Corrections ("CDOC") at the Kit Carson Correctional Facility in Burlington, Colorado.  At the time that the Application was filed, Applicant was incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.

The relevant terms of the plea agreement are as follows:  (1) Applicant agreed to plead guilty to possession with intent to distribute cocaine; (2) the parties agreed to a stipulated sentence of twenty-six years, which was within the aggravated or exceptional circumstance range for the crime of possession; (3) the parties agreed that the sentence would run concurrent to any previous sentence imposed; and (4) the State agreed that Applicant could petition the court for reconsideration of the length of his sentence, within the 10-32 year range, if he completed a therapeutic community program offered by the CDOC.  *Record* vol. I at 71.  Applicant was sentenced as agreed on May 23, 2002.  *Id.* vol. 2 at 9-10, 13.

Applicant did not file a direct appeal of his sentence.  Rather, Applicant filed two postconviction motions.  He filed the first through counsel and sought reconsideration of his sentence on the basis of his participation in a prison treatment program [Docket No. 23-13] ("motion to reconsider sentence").  While that motion was pending, Applicant filed a second postconviction motion *pro se* seeking to overturn his sentence [Docket No. 23-11].  Specifically, Applicant alleged that (1) his sentence was illegally aggravated; (2) he was entitled to specific performance of an agreement to waive his preliminary hearing in exchange for a sentence in the presumptive range; (3) defense counsel coerced him into pleading guilty; (4) he was not advised of the five-year period of mandatory parole; and (5)

he was not advised of the one-year period of post-release supervision [Docket No. 23-11 at 2-3] ("motion to overturn sentence").

On March, 5, 2004, the trial court granted Applicant's motion to reconsider sentence and reduced it from twenty-six to twenty-one years [Docket No. 23-12]. On May 21, 2004, the trial court denied Applicant's motion to overturn his sentence [Docket No. 23-9]. The trial court held that (1) Applicant's sentence was not illegally aggravated; (2) the waiver of the preliminary hearing contained the sentencing terms to which Applicant ultimately agreed; (3) defense counsel did not coerce Applicant into pleading guilty; (4) the five-year reduction of Applicant's sentence mooted his claim that he was not advised of the five-year mandatory period of parole; and (5) the statutory revocation of the one-year period of post-release supervision mooted his claim that he was not advised of this requirement [Docket No. 23-9 at 2-3]. The Colorado Court of Appeals ("CCA") affirmed the trial court's ruling on Applicant's motion to overturn sentence. *People v. Brown*, 04CA1322 (Colo. Ct. App. Aug. 4, 2005) (unpublished decision) [Docket No. 23-5]. The Colorado Supreme Court denied Applicant's petition for a writ of certiorari on December 19, 2005 [Docket No. 23-3].

On August 1, 2006, Applicant filed the current action. The Application raises three claims.

    Claim I    The twenty-six-year sentence (which was later reduced to a twenty-one year sentence) for Applicant's conviction of one count of possession of cocaine was illegally aggravated in violation of the Federal and State Constitutions. *Application* [#3] at 5.

    Claim II    The sentencing court failed to adequately advise Applicant of the consequence of his guilty plea in violation of the Federal and State

3

Constitutions. *Id.* at 6

Claim III   Defense counsel was ineffective by allowing Applicant to waive his preliminary hearing and failing to enforce an earlier plea agreement in violation of the Federal and State Constitutions. *Id.*

## II. Analysis

### A. Applicant's Status

Applicant is proceeding *pro se.* Therefore, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### B. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion

4

that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, with respect to this Court's review, a presumption of correctness exists regarding state trial and appellate court findings of fact. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

### C.    Exhaustion of Claims

Respondents contend that Applicant failed to exhaust his state court remedies with respect to Claims II and III. *Answer Brief* [#23] at 13. Respondents concede that Applicant exhausted Claim I for purposes of the Court's resolution of this claim on the merits. *Id.* "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). The state and federal courts have concurrent power to "guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citation omitted). As such, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an

5

opportunity [for] the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391 (1963). Accordingly, "a state court prisoner may initiate a federal habeas petition '*only* if the state courts have had the first opportunity to hear the claim sought to be vindicated.'" *Vasquez*, 474 U.S. at 257 (emphasis added) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971))

As to Claim II, Applicant contends that the trial court failed to adequately advise him of the five-year mandatory period of parole as a consequence of his guilty plea in violation of the Federal and State Constitutions. *Application* [#3] at 6. Although Applicant asserted a similar claim before the trial court in regard to his motion to overturn sentence, his appeal of this claim to the CCA was limited to (1) a factual question as to whether the trial court advised him of the five-year mandatory period of parole; and (2) a challenge to the trial court's finding that the five-year reduction of Applicant's sentence pursuant to his motion to reconsider sentence rendered this claim moot. *Brief of Appellant, Brown v. People*, 04CA1322, at 7-8 (Colo. Ct. App. filed Oct. 5, 2004). Applicant did not allege the deprivation of any federal constitutional right. Rather, he sought a remand to the trial court for an additional reduction of his sentence on the basis of the trial court's alleged failure to advise him of the mandatory parole period. Moreover, a review of Applicant's brief on appeal from the CCA's ruling reveals that Applicant abandoned this claim before the Colorado Supreme Court. *Brief of Petitioner, Brown v. People*, 05SC608, at 3-9 (Colo. filed Aug. 17, 2005).

It was not enough for Applicant to raise an issue regarding the trial court's advisement at the state court level. Rather, the exact constitutional injury asserted here must have been raised and resolved at every level of the state court in advance of

6

Applicant raising it in this petition. "If a habeas [applicant] wishes to claim that [a] ruling at a state trial court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 366 (1995). Moreover, Applicant's failure to pursue this claim in any form before the Colorado Supreme Court also operates as a failure to exhaust. As such, I find that Applicant did not fully afford the state courts an opportunity to pass judgment on whether the alleged failure to advise him of the mandatory parole period violated his federal constitutional rights. Accordingly, Applicant's failure to exhaust Claim II necessitates its denial.[1]

As to Claim III, Applicant argues that defense counsel was ineffective by allowing Applicant to waive his preliminary hearing and failing to enforce an earlier plea agreement in violation of the Federal and State Constitutions. *Application* [#3] at 6. Although Applicant asserted a similar claim before the trial court in his motion to overturn sentence, his appeal of this claim to the CCA was limited to whether the trial court violated state law when it failed to give him a postconviction hearing on the issue of whether he was unduly coerced by his defense counsel to enter into a plea agreement. *Brief of Appellant, Brown v. People*, 04CA1322, at 8-9 (Colo. Ct. App. filed Oct. 5, 2004). Applicant did not seek relief pursuant to any federal constitutional right. Rather, he sought a remand to the trial court for a postconviction hearing pursuant to state law.[2] While Applicant did assert a claim

---

[1] Although I do not resolve this claim on the merits, I note that a review of the sentencing transcript reveals that not only was Applicant advised by the trial court of the mandatory parole period at least <u>four</u> times, but he indicated that he understood the implications of it on his sentence at least twice. *Record* vol. 2 at 5-10; *see also Brown*, 04CA1322, at 5-6.

[2] Although Applicant did not assert an independent claim for ineffective assistance of defense counsel on appeal to the CCA, the CCA nevertheless addressed whether Applicant

related to the waiver of his preliminary hearing and rescission of an earlier plea agreement, he did not contend that this alleged error was due to his defense counsel's ineffective assistance.[3] *See id.* at 9-10. Moreover, a review of Applicant's brief on appeal from the CCA's ruling reveals that Applicant abandoned any ineffective assistance of counsel claim before the Colorado Supreme Court. *Brief of Petitioner*, *Brown v. People*, 05SC608, at 3-9 (Colo. filed Aug. 17, 2005).

As was the case with Claim II, I find that Applicant failed to fairly present Claim III to the state courts. *See Duncan*, 513 U.S. at 366.

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Murray v. Carrier*, 477 U.S. at 489 (quoting *Burford*, 339 U.S. at 204). Accordingly, Applicant's failure to exhaust Claim III necessitates its denial.

### D. Claim I – Whether Applicant's Sentence Was Illegally Aggravated

Applicant contends that despite his agreement to plead guilty to a twenty-six year

---

was prejudiced by defense counsel's conduct. *See Brown*, 04CA1322 at 7-9. However, the CCA's analysis was limited to whether Applicant's plea was coerced (not whether defense counsel was ineffective for allowing him to waive his preliminary hearing and failing to enforce an earlier plea agreement, which is the subject of Applicant's ineffective assistance claim here). Specifically, the CCA held that defense counsel's advice that Applicant should accept the tendered plea agreement because he was in danger of being charged with habitual criminal counts, while strong, did not constitute impermissible coercion and likely saved Applicant from a potential sentence of sixty-four years. *Id.* at 9.

[3] In regard to this claim, the CCA held that Applicant was not entitled to specific performance of any alleged earlier plea agreement. *See Brown*, 04CA1322 at 10-11. Even were the Court to resolve Claim III on its merits, it is axiomatic that if Applicant was not entitled to enforcement of the earlier plea agreement, his counsel could not have been ineffective for failing to seek its enforcement.

8

sentence, the trial court erred when it sentenced Applicant to this sentence. Specifically, Applicant argues that the trial court illegally aggravated his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). *Apprendi* stands for the proposition that whenever a sentence is imposed beyond the presumptive maximum for the charged crime, any facts relied on to depart from the presumptive maximum, except for the fact of a prior conviction, must be submitted to a jury. *Apprendi*, 530 U.S. at 490. *Blakely* further explained the requirement enunciated in *Apprendi* and noted that the presumptive maximum is the highest sentence a trial court can impose on the basis of the jury verdict or facts admitted by the defendant without making additional factual findings. *Blakely*, 542 U.S. at 303.

The Court summarizes the parties' arguments as follows. Applicant pled guilty to a class 3 felony, which he claims has a presumptive maximum sentence of twelve years. *Application* [#3] at 5. In order for the trial court to rely on facts to aggravate Applicant's sentence beyond the presumptive maximum range, Applicant argues that those facts first had to be submitted to a jury. *See id.* Here, the trial court sentenced Applicant to the agreed-upon term pursuant to a plea agreement. However, the agreement was not the only basis for the sentence. Respondents contend that because Applicant's crime was classified as an "extraordinary risk" offense, the presumptive maximum was actually sixteen years. *Answer Brief* [#23] at 18; *see also Brown*, 04CA1322 at 3 (citing Colo. Rev. Stat. §§ 18-1.3-401(10), 18-18-405(1), (2)(a)). Moreover, given the fact that Applicant "was on parole for a prior conviction at the time he committed this offense, he was subject to a sentencing range of 'at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range. Thus, [Applicant] was subject to

a sentencing range of ten to thirty-two years.'" *Brown*, 04CA1322 at 3-4 (citing Colo. Rev. Stat. § 18-1.3-401(8)(a)(II)).

Applicant argues that the trial court failed to ascertain "the necessary elements required for a sentence to be legally enhanced. Additionally, [Applicant's] prior conviction record was to be omitted from the proceedings per plea agreement." *Application* [#3] at 5. Construing Applicant's claim liberally, it appears that he asserts two arguments: (1) evidence of his prior convictions and/or parole status could not be used to increase his sentence above the presumptive maximum without a judicial finding; and (2) consideration of his prior convictions was prohibited by the plea agreement.

Taking the second contention first, I find no support in the record for Applicant's contention that the plea agreement prohibited consideration of his prior convictions and summarily reject this contention. Indeed, the plea agreement contained in the record states that "[t]he People and [Applicant] agree to a stipulated sentence of 26 years, which is within the aggravated or exceptional circumstance range for this crime – concurrent with 94CR1925 and any others." *Record* vol. 1 at 71. In addition, the effect of Applicant's prior convictions and parole in light of his plea was clearly conveyed to Applicant at the sentencing hearing. *Id.* vol. 2 at 5-6, 11. Finally, the Court asked Applicant whether there were "any promises that have been made to get you to plead guilty other than those told to me in court today?" *Id.* at 10. Applicant responded, "No." *Id.*

As to Applicant's first contention, which is the heart of his claim, Applicant appears to argue that the trial court's consideration of the fact that he was on parole when the crime was committed, without first making a judicial finding, was in violation of *Apprendi/Blakely*. As a preliminary matter, the trial court's factual finding that Applicant was on parole during

10

the commission of the relevant offense is presumed to be correct. *Sumner*, 455 U.S. at 591-92. Likewise, the CCA's factual finding that Applicant was on parole during the commission of the relevant offense, *Brown*, 04CA1322 at 3, is also entitled to a presumption of correctness. *Sumner*, 455 U.S. at 592-93. As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Applicant does not contradict this factual finding in his Application nor does he submit any evidence or argument to the contrary.[4] Rather, his challenge appears to be limited to whether the trial court could take judicial notice of the fact of his parole. As such, for these purposes, I presume that Applicant was on parole. The remaining question is whether the trial court could take judicial notice of Applicant's status as a parolee without submitting that factual determination to a jury.

As noted above, *Apprendi* made an exception for prior convictions. Specifically, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 490. As such, instead of submitting the fact of a defendant's prior conviction to a jury, the trial court may take

---

[4] I note that Applicant purported to argue to the Colorado Supreme Court that he was not on parole at the time of commission of the offense. *Brief of Petitioner*, *Brown v. People*, 05SC608, at 6. Other than a conclusory statement contained in a parenthetical, Applicant did not provide any evidence or further argument to support his contention. I also note that Applicant's parole status was addressed at the sentencing hearing and Applicant did not correct the record or attempt to refute his status at that time despite being given multiple opportunities to address the Court and raise any issues. *See, e.g.*, *Record* vol. 2 at 11-12; *see also People v. Fogle*, 116 P.3d 1227, 1230 (Colo. Ct. App. 2004) (holding that where defendant does not deny he was on parole or refute statements made to this effect at the sentencing hearing, the fact of his parole may be treated as an admission). Finally, I note that the State and Applicant stipulated to the factual basis for the plea agreement and aggravated sentence, which included the fact that Applicant was on parole. *Id.* at 10; *see also Lopez v. People*, 113 P.3d 713, 726-27 (Colo. 2005) (holding that stipulation of facts supporting aggravated sentence may waive any *Apprendi/Blakely* rights).

judicial notice of a prior conviction in support of its sentencing decision.

Because Applicant's status as a parolee during the commission of the relevant offense is "inextricably linked" to his prior conviction, this fact falls within the *Apprendi* prior conviction exception and is considered a "*Blakely*-exempt" fact. *People v. Montoya*, 141 P.3d 916, 922 (Colo. Ct. App. 2006); *see also United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005) (agreeing that "that the 'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime."); *United States v. Pineda-Rodriguez*, 133 Fed. Appx. 455, 458 (10th Cir. 2005) (unpublished decision) (holding that the trial court can take judicial notice of "subsidiary findings" within the prior conviction exception such "as the duration or term of supervision following a prior conviction"); *Lopez*, 113 P.3d at 730-31 (holding that the fact of parole is a *Blakely*-exempt prior conviction fact). While not every court agrees that the fact of parole falls within the prior conviction exception, *see e.g.*, *State v. Perez*, 102 P.3d 705, 709 (Or. Ct. App. 2004), *rev'd on other grounds*, 131 P.3d 168 (Or. 2006), there is no Supreme Court or Tenth Circuit precedent which excludes parole from consideration. As such, the CCA's determination that Applicant's sentence was not illegally aggravated is neither contrary to nor a misapplication of controlling federal law. *See Pineda-Rodriquez*, 133 Fed. Appx. at 459 ("[E]ven assuming *arguendo* that the district court did err, we conclude that such an error was far from plain, since there was no definitive statement on whether the fact of a prior conviction included such administrative ancillary details as the date of any court supervision following it or the length of sentence imposed."). Further, this finding does not appear to be based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. Conclusion

In reviewing the merits of Applicant's Claim I, and considering his failure to exhaust Claims II and III, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and that this case be dismissed with prejudice.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 25, 2009

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge
                                                Kristen L. Mix